# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON CADE, | ) | |
| | ) | |
| Petitioner. | ) | Case No. 24-cv-2804 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Brandon Cade, pled guilty to illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on June 1, 2022. About three weeks later, the U.S. Supreme Court upended the previously established frameworks for evaluating whether a criminal law violates the Second Amendment when it announced its opinion in *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Mr. Cade subsequently filed a Petition to Vacate Conviction and Sentence under 28 U.S.C. § 2255. (Dkt. 1.) Mr. Cade argues that his conviction is unconstitutional under *Bruen* and asks the Court to set it aside. The Government responds that Mr. Cade's Petition should be denied on both procedural and substantive grounds. For the reasons stated below, the Court finds that the Petition does not suffer from procedural defects; however, it fails to establish on the merits that Mr. Cade's conviction violates the Second Amendment. Accordingly, the Court denies Mr. Cade's Petition [1].

## BACKGROUND

Mr. Cade has a history of multiple drug-related offenses. He has prior felony convictions for manufacturing or delivering heroin (2011); manufacturing or delivering cocaine (2013); and two convictions for possession of heroin (2016). (21-CR-223, dkt. 51 at *6–11.) On September 6, 2020, police arrested Mr. Cade after encountering him and a companion standing in the middle of the street,

blocking traffic. (*Id.* at *4.) Mr. Cade was wearing a bag over his shoulder; when the police approached, he placed the bag in a nearby vehicle belonging to his companion's grandmother. *United States v. Cade*, No. 1:21-CR-00223-1, 2021 WL 4805418, at *1 (N.D. Ill. Oct. 13, 2021) (Norgle, J.). The arresting officers lawfully recovered the bag from the car and discovered a loaded semiautomatic pistol inside. *Id.* The officers also observed an open bottle of Don Julio tequila in the car, as well as a child in a car seat. (21-CR-223, dkt. 51 at *4.) Mr. Cade was subsequently charged with the instant offense, unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.*) About a month later, while out on bond, Mr. Cade was again arrested for unlawfully possessing a gun. (*Id.* at *9–10.) This second arrest occurred onboard a large party bus that police investigated after reports of shots being fired. (*Id.* at *10.) The officers reported that "A strong odor of cannabis emanated from the bus" and that "Several people… inside of the bus… appeared to be intoxicated." (*Id.*) As with the instant offense, the police discovered a loaded semiautomatic pistol in Mr. Cade's possession. (*Id.*)

After unsuccessfully attempting to suppress evidence of the gun found by the police, Mr. Cade pled guilty to violating 18 U.S.C. § 922(g)(1) on June 1, 2022. (21-CR-223, dkt. 33; dkt. 42.) In his plea agreement, Mr. Cade reserved the right to appeal both the Court's suppression ruling and the validity of his plea. (21-CR-223, dkt. 43 at *10–11, *13.) However, Mr. Cade's right to appeal his plea expired fourteen days after his conviction. (*Id.* at *13.) He waived all other appeal rights. (*Id.*) On December 19, 2022, the Court sentenced Mr. Cade to a below-range sentence of sixty-five months in prison, followed by three years of supervised release. (21-CR-223, dkt. 61.) When imposing this sentence, the Court took into consideration the serious potential for violence associated with illegally possessing a firearm, particularly when mixed with alcohol or drugs; the relatively minor level of Mr. Cade's other offenses, which did not previously include the use of a weapon; as well as other mitigating factors. (21-CR-223, dkt. 77.)

On January 2, 2023, Mr. Cade appealed the Court's suppression ruling. (7th Cir., no. 23-1001, dkt. 1). On February 26, 2024, the Seventh Circuit affirmed the Court's ruling. *United States v. Cade*, 93 F.4th 1056 (7th Cir. 2024). Mr. Cade has been in federal custody since May 4, 2021. (21-CR-223, dkt. 51 at *1.) As of the publication of this Order, he has served approximately eighty-three percent of his sixty-five-month imprisonment and may be eligible for supervised release before the end of 2025. *See* 18 U.S.C. § 3624(b).

On April 5, 2024, Mr. Cade filed his Petition pursuant to 28 U.S.C. § 2255. (Dkt. 1). He argues that under *Bruen*, his conviction for illegal possession of a firearm violates the Second Amendment and must be vacated. *Id.* He did not request an evidentiary hearing—the Petition raises only a question of law. *Id.*

## LEGAL STANDARD

To obtain relief under 28 U.S.C. § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## DISCUSSION

### I. Procedural Default

The Government argues that Mr. Cade has procedurally defaulted his Second Amendment claim by failing to raise it before this Court during sentencing or on direct appeal. (Dkt. 10 at *4). As a general rule, claims not raised at trial or on direct appeal are defaulted for the purpose of collateral review under § 2255, unless the petitioner can show actual innocence or cause and prejudice. *White v.*

*United States*, 8 F.4th 547, 554 (7th Cir. 2021). The Government correctly observes that Mr. Cade fails to make any claim of actual innocence (he does not deny possession of the firearm), nor does he make any significant argument showing cause for failing to raise his argument earlier. (Dkt. 10 at *5–6). However, the Government puts the cart before the horse. After reviewing the record, the Court concludes that there is no need to engage in cause and prejudice analysis because Mr. Cade had no meaningful opportunity to raise his claim at sentencing or on appeal.

Under the terms of his plea agreement, Mr. Cade retained the right to directly appeal his conviction for only fourteen days. (21-CR-223, dkt. 43 at *13.) The Court entered its judgment on June 1, 2022 (21-CR-223, dkt. 42), so Mr. Cade's direct appeal rights expired on June 15—about a week prior to the Supreme Court's announcement of its *Bruen* opinion on June 23. Thus, under then-applicable precedent, there was no question as to the constitutionality of Mr. Cade's conviction during the entire period when he could have directly appealed. By the time the Supreme Court announced *Bruen*, Mr. Cade only held the right to appeal the Court's suppression ruling. And it is hardly surprising that Mr. Cade did not raise his Second Amendment claim in his suppression appeal, given that it was completely inapposite to the Fourth Amendment questions at issue there. (7th Cir., no. 23-1001, dkt. 8.) Similarly, sentencing is not a proceeding where one can meaningfully challenge the constitutionality of one's conviction. That is a question for direct appeal—but by the time this Court sentenced Mr. Cade, he no longer possessed the right to file such an appeal.

Additionally, it was not until June 20, 2023, when the Seventh Circuit announced *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), that a precedential framework existed to guide this Court in evaluating § 922(g)(1) convictions in the wake of *Bruen*. This Court pronounced Mr. Cade's sentence about six months prior to *Atkinson*, so at sentencing he could not have raised the framework *Atkinson* established to evaluate § 922(g)(1). (*See* dkt. 12 at *4.)

Accordingly, the Court finds that Mr. Cade did not have a meaningful chance at sentencing or direct review to raise his Second Amendment claim in the context of *Bruen* and *Atkinson*. His claim is properly before the Court, which now will proceed to address the merits.

## II. The Second Amendment

### A. *Supreme Court and Circuit Precedent*

The Second Amendment to the United States Constitution reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Since 2008, the Second Amendment has been understood to protect an "individual right to possess and carry weapons in case of confrontation." *D.C. v. Heller*, 554 U.S. 570, 592 (2008). In June 2022, the Supreme Court announced *Bruen* and created a new test for determining whether firearm restrictions are constitutional. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Bruen*, 554 U.S. at 24. If so, then the conduct is presumptively constitutional, and the restriction can only be permitted if "it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

The Supreme Court has not yet considered whether § 922(g)(1) remains constitutional, although it has ruled that a related provision within the same statute passes *Bruen*'s new test. *United States v. Rahimi*, 602 U.S. 680 (2024) (upholding statute disarming a person subject to a domestic violence restraining order that, among other things, finds that the person "represents a credible threat to the physical safety" of an intimate partner or child). There, the Supreme Court found that "our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms" since the founding of the country. *Id.* at 690.

However, in the absence of Supreme Court precedent specifically addressing § 922(g)(1), the circuit courts have arrived at different conclusions as to the law's constitutionality post-*Bruen*. *Compare United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025) (upholding the statute); *with Range v. Att'y Gen.*

– 5 –

*United States of Am.*, No. 21-2835, 2024 WL 5199447, at *8 (3d Cir. Dec. 23, 2024) (en banc) (holding the law unconstitutional as applied to a defendant convicted of the felony-equivalent state offense of making a false statement to obtain food stamps). For its part, the Seventh Circuit has foreclosed facial challenges to the constitutionality of the statute. *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024) (arguments against validity of § 922(g)(1) "hard to square" with "longstanding prohibitions on the possession of firearms by felons"). However, *Gay* left the door open for as-applied challenges to the law. *Id.* Within this Circuit, multiple district courts, including this Court, have found the law both constitutional and unconstitutional as applied to the particular defendant in question. *See, e.g., United States v. Griffin*, 704 F.Supp.3d 851 (N.D. Ill., Nov. 30, 2023) (Coleman, J.) (law unconstitutional as applied to defendant whose criminal record did not support a finding that he posed a threat to public safety sufficient to justify disarmament); *United States v. Vazquez*, No. 24-CR-00254-1, 2025 WL 405041 (N.D. Ill. Feb. 5, 2025) (Coleman, J.) (law constitutional as applied to defendant with multiple prior felony convictions for violent crimes). The Court sees no reason at this point to revise its position that individual defendants and petitioners may challenge the constitutionality of § 922(g)(1) under *Bruen* as the law has specifically been applied to them.

The Court also remains disturbed by the Government's continued insistence that the constitutionality of § 922(g)(1) can be shown by appealing to this country's sad history of legal discrimination. Dkt. 10 at *21–22; *see Griffin*, 704 F.Supp.3d at 856–57, 861–62. Even putting aside the moral odiousness of relying on our Nation's historical enslavement of Africans, violent subjugation of Native Americans, and discrimination against religious minorities to justify the existence of § 922(g)(1), such examples are also legally deficient. The Court struggles to understand how a modern law can be shown to be constitutional by placing it within a tradition of historical laws that would be plainly unconstitutional under today's precedent. If it is true that, as *Bruen* holds, the

meaning of the Constitution does not change with the passage of time, 597 U.S. at 34, then the clear unconstitutionality of such laws renders them poor exemplars for defending the legality of § 922(g)(1).

Moreover, while the use of such morally bankrupt supposed historical analogs may perhaps, possibly, have been excusable in the early days of post-*Bruen* litigation, that is no longer the case today. The Seventh Circuit has issued precedent—*which the Government cites*—establishing that § 922(g)(1) is facially constitutional under *Bruen*'s text-and-tradition approach. *Gay*, 98 F.4th at 846. Because such precedent is binding, this Court is bound by it. The practice of submitting overly long (and yet also too short) legal briefs poorly masquerading as learned treatises on the history of § 922(g)(1) should therefore be retired posthaste.

B. *Facial Challenge*

Applying Circuit precedent, as well as its own previous analysis, the Court finds that, although Mr. Cade's conduct is covered under the plain text of the Second Amendment, there are sufficient historical analogues to today's felon disarmament scheme for § 922(g)(1) to survive Mr. Cade's challenge to its facial validity. *Gay*, 98 F.4th at 846; *see, e.g., Vazquez*, No. 24-CR-00254-1, 2025 WL 405041, at *2; *United States v. Mintz*, No. 22-CR-00438, 2024 WL 3177910, at *3 (N.D. Ill. June 26, 2024) (Coleman, J.); *Griffin*, 704 F.Supp.3d at 856–57, 861–62.

C. *As-Applied Challenge*

Mr. Cade does not significantly develop his as-applied challenge in his Petition. (*See* dkt. 3 at *39–41.) He primarily reiterates arguments about the facial invalidity of disarming felons that this Court has already rejected. *Id.* The Government argues that Mr. Cade has waived his as-applied argument owing to its lack of development. (Dkt. 10 at *34–35.) However, Mr. Cade's as-applied arguments are not wholly duplicative of his facial arguments, and they are somewhat more developed in his Reply brief. (*See* dkt. 12 at *7–10.) Additionally, Mr. Cade is a *pro se* petitioner, and the Court

construes *pro se* pleadings liberally. *Cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court therefore finds that Mr. Cade did not waive his as-applied argument.

Mr. Cade argues that, although imprisoned (and justly convicted) people are "non-law abiding" and thus appropriately "restrained of liberty," prisoners who have served their time and been released back into society should be regarded as "law abiding" citizens with restored Second Amendment rights to self-protection. (Dkt. 12 at *8.) To continue to regard felons, post-imprisonment, as "non-law abiding" citizens is to make their prior conviction(s) into "a life-long sentence." *Id.* This Court is sympathetic to the argument that one, or even multiple, felony convictions should not forever tar subsequently law-abiding former prisoners with "non-law abiding" status. *Cf. Robinson v. California*, 370 U.S. 660, 667–68 (1962) (States may not criminalize the "status" of being addicted to narcotics). However, under 18 U.S.C. § 952(c), people with felony convictions may request that the U.S. Attorney General restore their firearm rights. To be sure, relying on the personal beneficence of the Attorney General for the restoration of one's constitutional rights may not present a wholly satisfactory answer to the problem. Nevertheless, the existence of a legal path to restoring one's gun rights shows that felony convictions are not a life sentence with respect to the Second Amendment.

This Court has previously found § 922(g)(1) unconstitutional under *Bruen* as applied to a person whose criminal record does not display a significant danger of violent activity. *Griffin*, 704 F.Supp.3d at 856–57, 862–63 ("The historical record supports a finding that legislatures categorically disarmed individuals who they feared would disregard the law and disturb the social order. The Court finds that a historical rationale exists for disarmament based on perceived danger."); *see also Rahimi*, 602 U.S. at 690. The Court still maintains its prior understanding of the historical record. However, Mr. Cade's record does not reveal the absence of such danger. Although Mr. Cade's individual offenses are relatively minor, they are significant in the aggregate. Additionally, when the police arrested Mr. Cade, they found his loaded gun, an open bottle of tequila, and a young child in his

companion's car. (21-CR-223, dkt. 51 at *4.) As the Court noted at Mr. Cade's sentencing, "it is a public danger to have a gun, walking around on the street, being on a bus… If there are people drinking. That is a recipe for disaster. Someone is going to get hurt." (Dkt. 77 at *27.) Finally, unlike the defendant in *Griffin*, Mr. Cade's record *does* contain another offense involving the use of a weapon—namely, his second arrest for illegal possession of a gun, which occurred barely a month after his arrest for the instant offense and prior to his guilty plea and sentencing. (21-CR-223, dkt. 51 at *9–10.) Repeated illegal possession of firearms, particularly when mixed with environments that may contain alcohol and drug usage, poses a significant danger to the community at large, to Mr. Cade's friends and loved ones, including his children, and even to Mr. Cade himself.

The Court therefore concludes that Mr. Cade's § 922(g)(1) conviction is constitutional under *Bruen*, both facially and as applied to Mr. Cade.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Cade's Petition [1] to Vacate Conviction & Sentence under 28 U.S.C. 2255.

**IT IS SO ORDERED.**

Date: 11/18/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge